UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21622

LISBETH M. ALVARADO SALDANA,

      Plaintiff,

vs.

INTERCONTINENTAL CARGO ENTERPRISES, INC. and
MONICA MERCK,

      Defendants.
_____/

## **COMPLAINT**

    Plaintiff, Lisbeth M. Alvarado Saldana, sues Defendants, Intercontinental Cargo Enterprises, Inc. and Monica Merck, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, Lisbeth M. Alvarado Saldana**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old.

    2.    Plaintiff consents to participate in this lawsuit.

    3.    **Defendant, Intercontinental Cargo Enterprises, Inc.**, is a for-profit Florida corporation that is *sui juris* and operated its medical practice in Miami-Dade County, Florida, at all times material.

    4.    **Defendant, Monica Merck,** is over 18 years old, a resident of this Miami-Dade County, and is *sui juris*. Mrs. Merck was at all times material an officer/owner/director of the corporate Defendant for the time period relevant to this lawsuit. She ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying

1

and/or deciding to pay Plaintiff's wages as well as for the termination of her employment.

5.      This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related state law claims.

6.      Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their office and principal places of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

7.      Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

8.      Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

9.      Plaintiff attempted to resolve this matter pre-suit, but Defendants failed and refused to respond.

## COUNT I – VIOLATION OF EPSLA
### (FAILURE TO PAY FOR LEAVE)

Plaintiff, Lisbeth M. Alvarado Saldana, reincorporates all preceding paragraphs as though set forth fully herein and further alleges as follows:

10.     Plaintiff worked for Defendants starting in October 2019 through an agency, and then as an employee of Defendants from January 2020 through August 25, 2020.

11.     To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

7300 N. KENDALL DRIVE, SUITE 450, MIAMI, FLORIDA 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

12.     The Florida Department of Education closed all public schools to onsite learning as of late afternoon on Tuesday, March 17, 2020, in response to the COVID-19 pandemic.

13.     Miami-Dade County thereafter enacted Emergency Order 07-20 and required all non-essential businesses to close as of 9:00 p.m. on March 19, 2020.

14.     The Emergency Paid Sick Leave Act ("EPSLA") went into effect on April 1, 2020, and it requires covered employers to provide paid sick leave to employees with one of six (6) qualifying conditions. FFCRA §5102, 5110(2).

15.     Plaintiff was at all times material hereto an "employee" as the term is defined at 29 U.S.C. §203(e), and incorporated into the EPSLA at 29 C.F.R. §826.10(a).

16.     Plaintiff was at all times material hereto an "eligible employee" for purposes of the EPSLA, as the term is defined at 29 C.F.R. §826.10.

17.     Defendant, Intercontinental Cargo Enterprises, Inc., was at all times material hereto Plaintiff's "employer" as the term is defined at 29 C.F.R. §826.10(a)(i).

18.     Defendant, Intercontinental Cargo Enterprises, Inc., was at all times material hereto either engaged in commerce, or in an industry or activity affecting commerce that employed less than 500 employees.

19.     Defendant, Monica Merck, was also at all times material hereto Plaintiff's "employer" as the term is defined at 29 C.F.R. §826.10(a)(i).

20.     Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203(d) and incorporated into the EPSLA at 29 C.F.R. §826.10(a).

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

21.     One of the relevant provisions of the EPSLA is that an employee be provided with paid leave to care for a child whose school or place of care is closed, or for whom childcare is unavailable, because of COVID-19. 29 C.F.R. §826.20(a)(1)(v).

22.     Plaintiff was at all times material hereto the primary caretaker for her child.

23.     Plaintiff's child's school and daycare were closed for a period of time commencing on or about March 17, 2020, and that closure lasted for the duration of the 2019-2020 school year.

24.     Plaintiff was required to care for her child, whose school and daycare were closed by order of a State or local official or authority, for reasons related to COVID–19. *See* 29 C.F.R. §826.20(a)(1)(v).

25.     No other suitable person was available to care for Plaintiff's child.

26.     Plaintiff had been working an average of approximately 40 hours per week prior to March 17, 2020.

27.     Plaintiff requested to take intermittent leave, as permitted by the FFCRA at 29 C.F.R. §826.50.

28.     Defendants initially accommodated Plaintiff by allowing her to work two (2) days per week, but they only paid her for 5.5 hours per day for the remaining three (3) days per week until May 2020.

29.     Starting in May 2020, Defendants increased to paying Plaintiff for 8 hours per day for three (3) days per week until June 16, 2020.

30.     Plaintiff then returned to work in person for Defendants for five (5) days a week once the 2019-2020 school year ended after June 16, 2020. At this point, her intermittent leave stopped.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

31.     Plaintiff still had additional leave time remaining under the EPSLA which Defendants had not yet paid.

32.     Plaintiff informed Defendants that she would be unable to work for five (5) days a week commencing in August 2020, because her child's school was resuming, and requested that Defendants accommodate her by either allowing her to work reduced hours or by providing her with a modified schedule again (similar to what they offered her from March to June 16, 2020).

33.     Defendants responded by refusing to accommodate Plaintiff, by denying her request to telework from home, and by refusing to provide Plaintiff with paid leave, despite the requirements imposed by the EPSLA.

34.     As a direct and proximate result of Defendants' violation(s) of the EPSLA, as set forth above, Plaintiff is entitled to payment of her "average regular rate" of pay for remainder of the 80 hours for which she was required to care for her child pursuant to 29 C.F.R. §§826.21, 826.25, 826.50, and 826.60.

35.     Pursuant to 29 C.F.R. §826.150, Plaintiff seeks recovery of the wages that she would have been entitled to pursuant to the EPSLA (*i.e.*, the difference between the 80 hours to which she was entitled and the EPSLA wages actually paid to her), plus an equal amount of liquidated damages, plus her attorneys' fees and costs.

WHEREFORE Plaintiff, Lisbeth M. Alvarado Saldana, demands the entry of a judgment in her favor and against Defendants, Intercontinental Cargo Enterprises, Inc. and Monica Merck, jointly and severally after trial by jury and as follows:

   a.     That Plaintiff recover compensatory sick wage damages and benefits, plus an equal amount of liquidated damages as provided under the law, in 29

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
Tel 305.230.4884   Fax 305.230.4844
*www.fairlawattorney.com*

C.F.R. §826.150 and in 29 U.S.C. § 216(b) – or interest on the unpaid wages and benefits if no liquidated damages are awarded;

b.      That Plaintiff recover pre-judgment interest on all unpaid emergency paid sick leave wages and benefits if the Court does not award liquidated damages;

c.      That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the EPSLA and the FLSA;

d.      That Plaintiff recover all interest allowed by law;

e.      That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage / sick leave pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

f.      Such other and further relief as the Court deems just and proper.

### COUNT II – VIOLATION OF EPSLA
### (UNLAWFUL DISCHARGE)

Plaintiff, Lisbeth M. Alvarado Saldana, reincorporates and re-alleges paragraphs 1 through 9 as though set forth fully herein and further alleges as follows:

36.      Plaintiff worked for Defendants starting in October 2019 through an agency, and then as an employee of Defendants from January 2020 through August 25, 2020.

37.      To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

38.      The Florida Department of Education closed all public schools to onsite learning as of late afternoon on Tuesday, March 17, 2020, in response to the COVID-19 pandemic.

7300 N. KENDALL DRIVE, SUITE 450, MIAMI, FLORIDA 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

39.     Miami-Dade County thereafter enacted Emergency Order 07-20 and required all non-essential businesses to close as of 9:00 p.m. on March 19, 2020.

40.     The Emergency Paid Sick Leave Act ("EPSLA") went into effect on April 1, 2020, and it requires covered employers to provide paid sick leave to employees with one of six (6) qualifying conditions. FFCRA §5102, 5110(2).

41.     Plaintiff was at all times material hereto an "employee" as the term is defined at 29 U.S.C. §203(e), and incorporated into the EPSLA at 29 C.F.R. §826.10(a).

42.     Plaintiff was at all times material hereto an "eligible employee" for purposes of the EPSLA, as the term is defined at 29 C.F.R. §826.10.

43.     Defendant, Intercontinental Cargo Enterprises, Inc., was at all times material hereto Plaintiff's "employer" as the term is defined at 29 C.F.R. §826.10(a)(i).

44.     Defendant, Intercontinental Cargo Enterprises, Inc., was at all times material hereto either engaged in commerce, or in an industry or activity affecting commerce that employed less than 500 employees.

45.     Defendant, Monica Merck, was also at all times material hereto Plaintiff's "employer" as the term is defined at 29 C.F.R. §826.10(a)(i).

46.     Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203(d) and incorporated into the EPSLA at 29 C.F.R. §826.10(a).

47.     One of the relevant provisions of the EPSLA is that an employee be provided paid leave in order to care for a child whose school or place of care is closed, or for whom childcare is unavailable, because of COVID-19. 29 C.F.R. §826.20(a)(1)(v).

48.     Plaintiff was at all times material hereto the primary caretaker for her child.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

49.     Plaintiff's child's school and daycare were closed for a period of time commencing on or about March 17, 2020, and that closure lasted for the duration of the 2019-2020 school year.

50.     Plaintiff was required to care for her child, whose school and daycare were closed by order of a State or local official or authority, for reasons related to COVID−19. *See* 29 C.F.R. §826.20(a)(1)(v).

51.     No other suitable person was available to care for Plaintiff's child.

52.     Defendants at first accommodated Plaintiff by allowing her to work from home two days per week for twelve (12) weeks.

53.     Defendants paid Plaintiff for 5.5 hours per day for three (3) days per week until May 2020.

54.     In May 2020, Defendants paid Plaintiff for 8 hours per day for three (3) days per week until June 16, 2020.

55.     Plaintiff then returned to work in person for Defendants for five (5) days a week once the 2019-2020 school year ended after June 16, 2020.

56.     Plaintiff then advised Defendants that she would be unable to work for five (5) days a week commencing in August 2020, because her child's school was resuming, and so requested that Defendants allow her to work from home again.

57.     Defendants responded by refusing to accommodate Plaintiff, by denying her request to telework from home, denying her the ability to work in the office for two or three days a week, and by refusing to provide Plaintiff with paid leave, despite the requirements imposed by the EPSLA.

58.     In response to Plaintiff's requests, Defendants terminated Plaintiff's employment.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
Tel 305.230.4884   Fax 305.230.4844
*www.fairlawattorney.com*

59.     Defendants' failure to accommodate Plaintiff by either paying her for the time she was unable to work or by allowing her to work part-time and paying her for the remaining wages required by the EPSLA violated the EPSLA.

60.     As a direct and proximate result of Defendants' violation(s) of the EPSLA, as set forth above, Plaintiff suffered the loss of her job, her identity, and suffered emotional distress as a result of Defendants' retaliatory conduct.

61.     Pursuant to 29 C.F.R. §§826.150 and/or 826.160, Plaintiff seeks recovery of the wages that she would have been entitled to pursuant to the EPSLA, the emotional distress and actual damages that she suffered, plus an equal amount of liquidated damages, plus her attorneys' fees and costs.

WHEREFORE Plaintiff, Lisbeth M. Alvarado Saldana, demands the entry of a judgment in her favor and against Defendants, Intercontinental Cargo Enterprises, Inc. and Monica Merck, jointly and severally after trial by jury and as follows:

a.      That Plaintiff recover compensatory damages for compensatory/actual damages including lost wages, lost opportunity to earn wages, lost benefits, future lost wages and benefits, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.      That Plaintiff recover pre-judgment interest on all unpaid emergency paid sick leave wages if the Court does not award liquidated damages;

c.      That Plaintiff recover for the mental anguish and distress caused by Defendants' retaliatory conduct;

d.      That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the EPSLA and the FLSA;

9

e.  That Plaintiff recover all interest allowed by law; and

f.  Such other and further relief as the Court deems just and proper.

## COUNT III – VIOLATION OF THE FLORIDA WHISTLEBLOWER'S ACT

Plaintiff, Lisbeth M. Alvarado Saldana, reincorporates and re-alleges paragraphs 1 through 9 as though set forth fully herein and further alleges as follows:

62.  Plaintiff worked for Defendant, Intercontinental Cargo Enterprises, Inc., from 2014 through April 7, 2020.

63.  Plaintiff worked more than 30 days for Defendant, Intercontinental Cargo Enterprises, Inc., before her employment was unlawfully terminated.

64.  Plaintiff had an exemplary employment history with Defendant, Intercontinental Cargo Enterprises, Inc.

65.  Plaintiff "perform[ed] services for and under the control and direction of an employer for wages or other remuneration," for Defendant, Intercontinental Cargo Enterprises, Inc., and so Plaintiff was an employee of Defendant, Intercontinental Cargo Enterprises, Inc., at all times material, as the term "employee" is defined by Fla. Stat. §448.101(2).

66.  Defendant, Intercontinental Cargo Enterprises, Inc., was at all times material a "private individual, firm, partnership, institution, corporation, or association that employs ten or more persons," and so it was Plaintiff's employer, as the term "employer is defined by Fla. Stat. §448.101(3).

67.  The Emergency Paid Sick Leave Act ("EPSLA") went into effect on April 1, 2020, and required covered employers to provide paid sick leave to employees with one of six (6) qualifying conditions who had been employed for at least 30 days. 29 C.F.R. §§826.20, 826.21, 826.22.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

68.     One of the relevant provisions of the EPSLA is that the employee be required to care for a child whose school or place of care is closed, or for whom childcare is unavailable, because of COVID-19. 29 C.F.R. §826.20(a)(1)(v).

69.     The Emergency Family Medical Leave Expansion Act ("EFMLEA") also went into effect on April 1, 2020, and it required covered employers to provide paid leave to employees who are "unable to work due to a need to care for his or her Son or Daughter whose School or Place of Care has been closed, or whose Child Care Provider is unavailable, for reasons related to COVID-19." 29 C.F.R. §§826.20, 826.23, 826.24.

70.     Plaintiff complained to Defendant, Intercontinental Cargo Enterprises, Inc., about her reasonable and good faith belief that it was violating her EPSLA and EFMLEA rights by refusing to allow her to telework, by refusing to pay her the emergency sick leave wages to which she was entitled, and by refusing to pay her the wages required during the remainder of the 12 weeks for which she was entitled to take leave due to the closure of her child's school/childcare.

71.     The EPSLA is a "law, rule, or regulation" as the term is defined by Fla. Stat. §448.101(4) ("includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business.") The EPSLA is part of the Families First Coronavirus Response Act.

72.     The EFMLEA is a "law, rule, or regulation" as the term is defined by Fla. Stat. §448.101(4) ("includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business.") The EFMLEA is part of the Families First Coronavirus Response Act.

73.     Defendant, Intercontinental Cargo Enterprises, Inc., disregarded the law and retaliated against Plaintiff shortly after she objected/complained about (a) not being able to

7300 N. KENDALL DRIVE, SUITE 450, MIAMI, FLORIDA 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

telework in violation of the EPSLA, (b) (a) not being able to telework in violation of the EFMLEA, (c) not being offered the ability to receive emergency sick leave wages in violation of the EFMLA, and (d) not being offered the ability to receive leave wages in violation of the EPSLA – and instead firing Plaintiff.

74.     By initiating adverse employment actions against Plaintiff as aforesaid, Defendant, Intercontinental Cargo Enterprises, Inc., violated the Florida Whistleblower Act.

75.     Plaintiff was damaged and suffered a loss of her benefits, seniority rights, wages, and other remuneration as a direct and proximate result of Defendant, Intercontinental Cargo Enterprises, Inc.'s retaliatory conduct.

WHEREFORE Plaintiff, Lisbeth M. Alvarado Saldana, demands the entry of a judgment against Defendant, Intercontinental Cargo Enterprises, Inc., after trial by jury for compensatory damages including her lost benefits, lost seniority rights, lost wages past and future, lost benefits, and other remuneration (including paid time off), reinstatement to the same or equivalent position, attorneys' fees pursuant to Fla. Stat. §448.103, costs, all interest allowed by law, and for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Lisbeth M. Alvarado Saldana, demands a trial by jury of all issues so triable.

Respectfully submitted this 27th day of April 2021.

<div style="margin-left: 50%;">

Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:     305.230.4884
*Counsel for Plaintiff*

</div>

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
Tel 305.230.4884   Fax 305.230.4844
*www.fairlawattorney.com*